# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| WILLIAM J. and PHYLLIS W. SAUDERS, et. al., ) <br> C. BARRY MARSH and JUSTIN MARSH, LEWIS ) <br> DREW MARSH, TERESA MARSH FOXWORTH, ) <br> BETTYE S. MARSH, SARAH OVER, ALLEN D. ) <br> FORE, JOE EASLEY as the personal representative of the ) <br> Estate of ALICE V. LUCAS, HELEN M. BRADHAM and ) <br> DOROTHY MCLEOD RHODES, BUBENDORF ) <br> BROTHERS, INC., BARBARA and EUGENE COLLINS, ) <br> DARLINGTON VENEER COMPANY, INC., ) <br> ELIZABETH SINGLETON GRAYSON, RALPH ) <br> HOFFMAN, JOHN D. HOLLINGSWORTH, MCLEOD ) <br> LUMBER COMPANY, INC., FRANK M. O'BRIEN, III, ) <br> CAROLE R. RUSSELL, JESSE D. RUSSELL, SUSAN ) <br> SHEPPARD, JAMES M. SIMONS, and MICHAEL ) <br> TAPPERT ) | **FINAL ORDER** <br> **AND JUDGMENT** <br><br><br><br><br><br><br><br><br><br><br> C.A. No. 2:93-3077-23 |

             Plaintiffs, )
v. )
 )
SOUTH CAROLINA PUBLIC SERVICE AUTHORITY )
a/k/a SANTEE COOPER, )
 )
             Defendants. )
_____)
 )
WILLIAM J. and PHYLLIS W.SAUDERS, et. al. )
C. BARRY MARSH and JUSTIN MARSH, LEWIS )
DREW MARSH, TERESA MARSH FOXWORTH, )
BETTYE S. MARSH, SARAH OVER, ALLEN D. )
FORE, ALICE L. HUTSON, KATHRINE L. BOENSCH )
and MARY L. EASLEY by JOE EASLEY their attorney )
in fact, HELEN M. BRADHAM and DOROTHY )
MCLEOD RHODES, BUBENDORF )
BROTHERS, INC., BARBARA and EUGENE COLLINS, )
DARLINGTON VENEER COMPANY, INC., )
ELIZABETH SINGLETON GRAYSON, RALPH )
HOFFMAN, JOHN D. HOLLINGSWORTH, MCLEOD )
LUMBER COMPANY, INC., FRANK M. O'BRIEN, III, )
CAROLE R. RUSSELL, JESSE D. RUSSELL, SUSAN )
SHEPPARD, JAMES M. SIMONS, MICHAEL )
TAPPERT, and ELBERT SMALLS )

|  |  |  |
|---|---|---|
| ) | C.A. No. 2:97-0673-23 |
| Plaintiffs, ) |  |
| v. ) |  |
| ) |  |
| SOUTH CAROLINA PUBLIC SERVICE AUTHORITY ) |  |
| a/k/a SANTEE COOPER, ) |  |
| ) |  |
| Defendants. ) |  |
| _____) |  |

HERBERT BUTLER, PHYLISS W. SAUDERS TRUST, ) 
C. BARRY MARSH and JUSTIN MARSH, MARY O. ) 
SWATEK and FRANK. SWATEK, LINDA H. FORE as ) 
Personal Representative of the Estate of ALLEN D. FORE, ) 
BETTYE S. MARSH ROBERTS, DOROTHY M. ) 
RHODES and HELEN M BRADHAM, DARLINGTON ) 
VENEER COMPANY, INC., BUBENDORF ) 
BROTHERS, INC., SUSAN SHEPPARD, ) 
HOLLINGSWORTH FUNDS, INC., ELIZABETH S. ) 
GRAYSON, BARBARA COLLINS, Individually and as ) 
Personal Representative of the Estate of EUGENE ) 
COLLINS, RALPH HOFFMAN, FRANK M. O'BRIEN, ) 
III, JOE EASLEY, Personal Representative of the Estate ) 
Of ALICE V. LUCAS, ELBERT SMALLS, BUCKY ) 
WATKINS, JAMES L. LAMBERT, TERESA MARSH ) 
FOXWORTH, CLIFTON C. GRANT and RUTHIE ) 
MAE GRANT, DAVID STEVENS and SUSAN F. ) 
STEVENS, CHERYL MARIE SAVAGE, ROBERT E. ) 
SAVAGE, ERNEST A. and LISA A. HAMPTON, ) 
CLARA A. SMALLS, MARY ELLA EDWARDS, LEVI ) 
EDWARDS, FRED SMALLS, ALEX J. SMALLS, ) 
JULIE C. GREGORIE, W.B. WEAVER, III, GAYLE ) 
WEAVER, CLAYTON L. FAIRCLOTH, KATHY ) 
SMITH, JANASHA SMITH, JOE SMITII, III, SANTEE ) 
TIMBER ASSOCIATES, LLP, and TEDDY and SHEILA ) 
SMITH, ) 
) C.A. No. 2:03-0934-23 
Plaintiffs, ) 
v. ) 
) 
SOUTH CAROLINA PUBLIC SERVICE AUTHORITY ) 
a/k/a SANTEE COOPER, ) 
) 
Defendants. ) 
_____) 

2

This matter is before the Court pursuant to the Court's Orders of February 19, 2008, August 18, 2008, January 16, 2009, February 5, 2010, and August 8, 2011,[1] as well as various binding mediation settlement agreements and releases, in each of the above-captioned cases. The purpose of this Order is to provide finality in this litigation for all the Parties and to incorporate each of the foregoing Orders and Agreements into a single Final Order and Judgment to conclude this matter. Therefore, the rulings and terms of the foregoing are incorporated herein by reference.

## **BACKGROUND**

This case involves the Cooper River Rediversion Project, which was authorized by the River and Harbor Act of 1968. As part of the project, the Army Corps of Engineers constructed a hydroplant at St. Stephen on a canal connecting Lake Moultrie to the Santee River. This hydroplant was designed to reduce the flow of water (and attendant sedimentation) into Charleston Harbor, and also to provide electricity for Santee Cooper. Plaintiffs are a group of landowners with property on the Santee River. On multiple occasions between 1985 and 2003, Plaintiffs' land was flooded as a result of the water released into the Santee River by the St. Stephen hydroplant; the severity of the flooding may have varied among the different properties, but all of the Plaintiffs suffered some amount of flooding and resultant damage during this period. Santee Cooper operated the St. Stephen's hydroplant pursuant to a contract with the Army Corps of Engineers. In 1993, Plaintiffs, captioned in that action above, filed a Complaint

---

[1] After further review and consideration of the Record in these cases, the Court recognizes that its August 8, 2011 Order may contain some factual errors. Those factual discrepancies are corrected herein and superseded by this Order.

against Santee Cooper, alleging that the excessive flooding constituted negligence, inverse condemnation, and a trespass upon their land.

This Court bifurcated the issues of liability and damages, and this matter went to trial on the liability issues in 1997. The jury returned a verdict in favor of Plaintiffs on both the inverse condemnation and the trespass claims, but returned a verdict in favor of Defendant on the negligence claim. The Defendant moved for judgment notwithstanding the verdict, which this Court denied on July 14, 1999. The Defendant then requested that this Court certify the matter for an interlocutory appeal to the United States Court of Appeals for the Fourth Circuit, which this Court did.

The Defendant's appeal was dismissed by the Fourth Circuit on May 3, 2001. In November 2005, the United States moved to intervene in the case and have it transferred to the Court of Federal Claims. Plaintiffs opposed this intervention and transfer. In April 2006, this Motion was denied, which the United States appealed to the United States Court of Appeals for the Federal Circuit. In October 2007, the Federal Circuit upheld this Court's decision.

During the pendency of the litigation filed in 1993, separate complaints were filed in 1997 and 2003, amended in 2005.

## **ORDER**

On February 19, 2008, this Court entered an Order entitled "Settlement Agreement and Order to Mediate Damages." This Order recognized that Santee Cooper and each of the named Plaintiffs in each of the above captioned actions, the 1993 action, the 1997 action and the 2003/2005 action, agreed to resolve all claims asserted by all of the Plaintiffs in the lawsuits through mediation or, if mediation was unsuccessful, through a final non-appealable order from this Court. February 19, 2008 Order, pp. 1-2. The Court found that "mediation of the claims,

issues and damages for all of the Plaintiffs is appropriate in light of the substantial similarity among the 1993, 1997 and 2003 suits, the interest of all parties and the Court in avoiding protracted and duplicative litigation, the substantial risk associated with allowing one or more juries to determine damages, the interest in achieving a full and final resolution of all of Plaintiffs' claims, including past, present and future damages, against defendant in a timely manner, and the parties' agreement to mediate." February 19, 2008 Order, pp. 2-3.  Plaintiffs were permitted to seek all legally cognizable damages resulting from Santee Cooper's liability for state inverse condemnation and trespass claims for which Santee Cooper was found liable in the 1993 suit; however, Santee Cooper was permitted to raise all legally cognizable defenses to these claimed damages, except to deny liability for nominal damages. February 19, 2008 Order, p. 3.  Plaintiffs acknowledged that they were not entitled to any damages arising out of alleged negligence on behalf of Santee Cooper and the Plaintiffs in the 1997 and 2003/2005 lawsuits further stipulated that their ability to prove negligence or other fault by Santee Cooper in connection with the release of water from the St. Stephen hydroplant was highly doubtful. February 19, 2008 Order, pp. 3-4.  Plaintiffs also waived their right to a jury trial. February 19, 2008 Order, p. 4.  Finally, the date of taking for the state inverse condemnation actions was set at January 1, 1993 for Plaintiffs in the 1993 suit. February 19, 2008 Order, pp. 5-6.  The date of taking of the remaining properties, if any, was to be determined in the mediation process or through a future order of this Court. Id.

On August 18, 2008, this Court issued legal rulings applicable to each of the Parties due to significant disagreements by the Parties as to the applicable law to determine damages for the trespass and inverse condemnation claims.  In the August 18, 2008 Order, this Court ruled that the injuries caused to Plaintiffs in this litigation were the ordinary results of the regular and

routine operation of the St. Stephen hydroplant. August 18, 2008 Order, pp. 3-10. Under South Carolina law, the flooding caused by such operation was permanent and not abatable by Defendant. Indeed, in the 1997 trial, the jury's finding of liability for inverse condemnation and trespass was not based on any negligence or fault by Defendant in the operation of St Stephen as it expressly ruled in favor of Santee Cooper on that matter. August 18, 2008 Order, pp. 8-10. Therefore, the trespass and inverse condemnation damages awarded by this Court were for flooding caused solely by water discharged into the St. Stephen tailrace canal during the regular routine operation of the St. Stephen hydroplant. As such, the landowner Plaintiffs were entitled to a single recovery for all damages, if any, arising out of the 1993 flooding. Plaintiffs were not entitled to successive recoveries for each flood because they were to be awarded damages, if any, for the permanent harm done to them by the initial act of flooding, which included all past, present and future harm. Accordingly, Santee Cooper was also permitted to continue flooding the property and was not required to purchase flowage easements. None of the damages awarded and discussed below were awarded by this Court for water entering the Santee River from releases from the Wilson Dam, or from heavy rains or localized weather events, or from any other source.

   The Court also set the date of taking for the remaining landowners by holding that any landowner claiming to have sustained injuries as a result of the operation of the St. Stephens hydroplant must have owned the property prior to 1993 and brought an action within the applicable statute of limitations period, three years, after Santee Cooper acknowledged the permanency of the flooding in 1996. August 18, 2008 Order, pp. 3-10; August 18, 2008 Order, pp. 19-22. Therefore, Plaintiffs named in the actions filed in 1993 and 1997 were <u>not</u> barred by the statute of limitations; however, all other landowners, including the 2003/2005 Plaintiffs, were

barred from bringing any action as a result of the running of the applicable statute of limitations. See S.C. Code. Ann. § 15-3-530(3) (2007).

The Court went on to rule, in the August 18, 2008 Order, that because the Santee River is a navigable waterway, the navigational servitude defense applies and precludes recovery of damages for any harm which took place below the pre-Rediversion ordinary high water line. Accordingly, this Court held that Plaintiffs were only entitled to recover damages for flooding that occurred above the pre-Rediversion ordinary high water mark.  In determining Plaintiffs' damages for inverse condemnation and trespass, this Court only awarded damages for harm that occurred above the ordinary high water mark.

In addition to other rulings, incorporated herein, the Court went on to rule that the Plaintiffs' trespass damages, if any, were limited by the South Carolina Tort Claims Act and the total recovery by all claiming Plaintiffs for trespass damages could not exceed $600,000.00. See S.C. Code Ann. § 15-78-10 et seq.

Subsequent to this Court's issuance of the February 19, 2008 Order and the August 18, 2008 Order, the Court held hearings on November 18-November 21, 2008 on five landowners' claims. These landowners are named as follows:

(1) Theresa Marsh Foxworth, her heirs and assigns;

(2)  Phyllis Sauders, William J. Sauders, and the Phyllis W. Sauders Trust, their heirs and assigns;

(3)  Allen D. Fore, Linda H. Fore, Personal Representative of the Estate of Allen D. Fore, Bettye S. Marsh a/k/a Bettye S. Marsh Roberts, and each of them, their heirs and assigns;

(4)  Frank Swatek, Mary O. Swatek, and Sarah Over, their heirs and assigns;

(5) Joe Easley as the Personal Representative of the Estate of Alice V. Lucas and Alice L. Hutson, Katherine L. Boensch and Mary L. Easley by Joe Easley their attorney in fact, their heirs and assigns.

On January 16, 2009, the Court issued findings of fact and conclusions of law with regard to the property owned by the foregoing landowners. A summary of the damages awarded by the Court, including prejudgment interest, together with post-judgment interest, is attached hereto as a portion of Exhibit A. The Court hereby references the findings of fact and conclusions of law included therein and acknowledges that Defendant Santee Cooper has entirely satisfied the judgments contained therein and such judgments are hereby deemed satisfied and the Clerk is directed hereby to enter satisfaction of each of the judgments if such satisfaction has not previously been enrolled. Moreover, the claims of the foregoing Plaintiffs, past, present and future, including, but not limited to, the above-captioned claims and arising out of damage caused by the flooding described herein to the real property and any and all personal injury, property damage or other claims relating to any and all properties owned or claimed by the foregoing Plaintiffs, their heirs and assigns, are hereby satisfied.

The Defendant also reached settlement through mediation with nine (9) landowners arising out of damage to their property. These landowners are named as follows:

(1) Barbara Collins, Eugene Collins and Barbara Collins, Individually and as personal representative of the Estate of Eugene Collins, their heirs and assigns;

(2) Robert Collins, Walter Collins, Johnette Weathers as attorney in fact for Andrew Collins, John F. Collins, David Collins, Tony Moultrie, Ricky Collins, Valerie Sheppard, Sheryl Collins, Helen Collins, Robert Ann Collins, and each of them, their heirs and assigns;

8

(3)  Bubendorf Brothers, Inc., its successors and assigns;

(4)  Elizabeth S. Grayson, her heirs and assigns;

(5)  Ralph Hoffman, his heirs and assigns;

(6)  Carole R. Russell and Jesse D. Russell, their heirs and assigns;

(7)  Elbert Smalls, his heirs and assigns;

(8)  Susan Sheppard, her heirs and assigns; and

(9)  Michael Tapert, his heirs and assigns.

The Court finds that the settlement amounts reached in mediation (a summary of those damage amounts, including prejudgment interest, is attached hereto as a portion of Exhibit A) are reasonable and are in accordance with the Court's rulings with respect to damage issues and the amount of damages awarded by the Court to other Plaintiffs.  The claims of the foregoing Plaintiffs, past, present and future, including, but not limited to, the above-captioned claims and arising out of damage caused by the flooding described herein to the real property and any and all personal injury, property damage or other claims relating to any and all properties owned or claimed by the foregoing Plaintiffs, their heirs and assigns, are herby satisfied.

The Court held additional hearings on July 13-July 17, 2009 on the final seven (7) landowners' claims. These landowners are named as follows:

(1) John D. Hollingsworth and Hollingsworth Funds, Inc., their heirs, successors and assigns;

(2) James Simons, his heirs and assigns;

(3) Dorothy McLeod Rhodes and Helen Bradham, their heirs and assigns;

(4) McLeod Lumber Company, Inc., its successors and assigns;

(5) Darlington Veneer Company, Inc., its successors and assigns;

(6) Frank O'Brien, III, his heirs and assigns; and

(7) Barry Marsh and Justin Marsh, their heirs and assigns.

On February 5, 2010, the Court issued amended findings of fact and conclusions of law with regard to the property owned by the foregoing landowners. A summary of the damages awarded by the Court, including prejudgment interest, together with post-judgment interest, is attached hereto as a portion of Exhibit A. The Court hereby references the amended findings of fact and conclusion of law included therein and acknowledges that the Defendant Santee Cooper has entirely satisfied the judgments contained therein and such judgments are hereby deemed satisfied and the Clerk is directed hereby to enter satisfaction of each of the judgments if such satisfaction has not previously been enrolled. Moreover, the claims of the foregoing Plaintiffs, past, present and future, including, but not limited to, the above-captioned claims and arising out of damage caused by the flooding described herein to the real property and any and all personal injury, property damage or other claims relating to any and all properties owned or claimed by the foregoing Plaintiffs, their heirs and assigns, are herby satisfied.

With regard to all other landowners' claims and in accord with the Order of August 18, 2008, the Court hereby dismisses, with prejudice, the claims of the following Plaintiffs, their heirs and assigns, who have failed to bring their claims within the applicable statute of limitations and are, therefore, barred from any recovery. These landowners are named as follows:

(1) Santee Timber Associates, LLP, its successors and assigns;

(2) David and Susan F. Stevens, their heirs and assigns;

(3) Clifton C. and Ruthie Mae Grant, their heirs and assigns;

(4) Cheryl M. Savage and Robert E. Savage, their heirs and assigns;

(5) Ernest A. and Lisa A. Hampton, their heirs and assigns;

(6)  Clara A. Smalls, her heirs and assigns;

(7)  Mary E. and Levi Edwards, their heirs and assigns;

(8)  Fred Smalls and Alex Smalls, their heirs and assigns;

(9)  Julie C. Gregorie, her heirs and assigns;

(10)  W.B. Weaver, III and Gayle Weaver, their heirs and assigns;

(11)  Clayton L. Faircloth, his heirs and assigns;

(12)  Kathy Smith, Janasha Smith, and Joe Smith, III, their heirs and assigns;

(13)  Herbert Butler, Butler Family Limited Partnership, Butler Oaks, LLC, Butler Georgetown Investment Company and each of them, their successors, heirs and assigns;

(14)  Teddy and Sheila Smith, their heirs and assigns;

(15)  Lewis Drew Marsh, his heirs and assigns;

(16)  Bucky Watkins, his heirs and assigns;

(17)  James L. Lambert, his heirs and assigns; and

(18)  Verna Denise Grant, her heirs and assigns.

The claims of the foregoing Plaintiffs, past, present and future, including, but not limited to, the above-captioned claims and arising out of damage caused by the flooding described herein to the real property and any and all personal injury, property damage or other claims relating to any and all properties owned or claimed by the foregoing Plaintiffs, their heirs and assigns, are hereby dismissed with prejudice and forever barred and any action which was or could have been brought is hereby forever barred.

Finally, in accordance with my Order of June 30, 2004, this Court ruled the recovering Plaintiffs were entitled to reasonable attorneys' fees and costs with regard to their Inverse

Condemnation cause of action pursuant to South Carolina law.  The Court, on March 30, 2011, after reviewing briefs and affidavits submitted with regard to the issue of attorneys' fees and costs, issued an order awarding $8,573,075.00 in attorneys' fees and $1,710,219.60 in costs to the recovering Plaintiffs arising out of their successful inverse condemnation claims.  In addition, in its August 8, 2011 Order, this Court awarded Plaintiffs an additional $79,471.00 which had not been overtly accounted for within the previous Order.  These awarded statutory fees and costs were separate and in addition to any contingency fee contracts between the Plaintiffs and their lawyers.

**IT IS THEREFORE ORDERED, JUDGED, and DECREED** that the foregoing actions are concluded in the manner described herein and in accordance with the Orders described herein and that no other claims of any Plaintiffs remain.  It is hereby further **ORDERED** that the Register of the Office of Deeds for Georgetown County, Williamsburg County, and Berkeley County shall accept and record this Final Order in the Direct and Cross Indexes to Deeds and Miscellaneous Instruments.  The Register of the Office of Deeds shall file this Final Order in the name of each Plaintiff and in the name of Defendant in both the Direct and Cross Indexes to Deeds and Miscellaneous Instruments.

**IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina
August 23, 2011